UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUNICE OKAFOR, | |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| URBAN DOVE TEAM CHARTER SCHOOL, | Case No.:_____ |
| Defendants. | Hon.: _____ |

Plaintiff Eunice Okafor ("Ms. Okafor"), by and through her attorneys, the Law Offices of G. Oliver Koppell & Associates, complains of the above-named defendants, and alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil action brought by Ms. Okafor to remedy the willful discrimination based on race and gender, retaliation, and the subjection to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* ("Title VII"), in connection with her former employment as a special education teacher at the Urban Dove Team Charter School ("Urban Dove" or "Defendant").

2.      Ms. Okafor was terminated from her position as a special education teacher with Urban Dove on or about December 1, 2020, in retaliation for her speaking out against gender and race-based discrimination that she was experiencing.

3.     Ms. Okafor seeks compensatory damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems appropriate.

1

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Ms. Okafor's Title VII claims

pursuant to 42 U.S.C. 2000e-5(f) and 28 U.S.C. § 1331.

5.      Ms. Okafor filed a timely charge of employment discrimination with the United

States Equal Employment Opportunity Commission ("EEOC") on or around June 22, 2021. By

letter dated August 19, 2021, the EEOC provided Ms. Okafor with a Notice of Right to Sue.  A

copy of such letter is attached as "Exhibit A."

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §

1391(b)(1) and (2) because one of the defendants resides and regularly does business in this

district, all defendants reside in the State of New York, and because a substantial part of the acts

and omissions giving rise to this action occurred in this district.

## PARTIES

7.      Ms. Okafor is an African American female who is currently residing in Kings

County in the State of New York. She received a Bachelor of Arts Degree in Psychology from

SUNY Buffalo. She received Master's Degree in Speech and Interpersonal Communication from

New York University and a Master's Degree in General and Special Education from Touro

College.

8.      Urban Dove is a municipal corporation duly incorporated and existing under the

laws of the State of New York. Urban Dove owns and operates a number of charter schools in

the New York City area. Ms. Okafor worked at the Brooklyn campus of Urban Dove, located at

1256 E. 21st Street, Brooklyn, New York 11210.

2

## FACTUAL ALLEGATIONS

9.    Ms. Okafor was hired by Urban Dove in or around August of 2018 to the position of special education teacher. In that capacity, her duties primarily included teaching living environment to high school students, preparing such students for the New York State Regents Exam, drafting Individualized Education Plans ("IEP") for students with disabilities, attending IEP meetings, and collaborating with teachers regarding how to properly support students with disabilities.

10.    In or around December of 2018, Ms. Okafor informed administrators at Urban Dove that she was pregnant.

11.    Within a few hours after notifying administration that she was pregnant, Ms. Okafor was summoned to the office of the Principal, Amit Bahl ("Mr. Bahl"), an agent, servant an/or employee of the Defendant. There, she was greeted by Mr. Bahl and Human Resources Director Rose Temba ("Ms. Temba"), an agent, servant, and/or employee of Defendant, where she was criticized and chastised in connection with issues she was experiencing with the school employee clock-in/clock-out system. Ms. Okafor was blindsided by this meeting as she was not the only teacher experiencing issues with such clock-in/clock-out system. Upon information and belief, this meeting was called to cause Ms. Okafor distress and to cause her to give second thoughts with regard to any potential accommodations she may ask for in connection with her pregnancy.

12.    Approximately one week later, Ms. Okafor approached Ms. Temba to request information regarding the maternity leave policy at Urban Dove. However, she was not provided any information and instead was told to ask again as her estimated date of delivery got closer.

13.     Following her announcement that she was pregnant, Ms. Okafor's performance was routinely and unfairly scrutinized by Special Education Coordinator Florjana Lela ("Ms. Lela"), an agent, servant, and/or employee of Defendant.

14.     Ms. Lela was responsible for terminating Ms. Okafor's predecessor Ronda Bacchus ("Ms. Bacchus"), who was also African American. Upon information and belief, Ms. Bacchus made complaints to administrators at Urban Dove regarding the unfair treatment she experienced at the hands of Ms. Lela, but those complaints were not addressed.

15.     Upon information and belief, Ms. Lela holds racial animus against African American people.

16.     In or around April or May of 2019, Ms. Okafor was told by Ms. Temba that she did not qualify for paid maternity leave, but rather disability leave. This was perplexing to Ms. Okafor as, pursuant to the terms of the Urban Dove employee handbook, she did qualify such maternity leave.

17.     Ms. Okafor also contacted her payroll service provider, ADP, who confirmed that, pursuant to the policies of Urban Dove, Ms. Okafor did indeed qualify for maternity leave.

18.     In or around September 2019, Ms. Okafor was verbally abused by Urban Dove Director of Operations Mark Stevens ("Mr. Stevens"), an agent, servant, and/or employee of the Defendant, at a staff social outing. First, Mr. Stevens yelled at her for sitting too close to food that was put out for the attendees, despite the fact that she was never told not to sit near such food. Next, he yelled at her for joining the line to receive vegetarian food. This was extremely stressful for Ms. Okafor, who was 7 months pregnant at the time, and felt she was being unfairly criticized in an inappropriately public manner.

19.     The next day, at work, due to the stress inflicted upon Ms. Okafor on the previous day, her water broke. She was rushed to the hospital where she delivered her baby early. The baby subsequently passed away.

20.     Following six weeks of leave, Ms. Okafor returned to Urban Dove in or around October of 2019. Immediately upon her return, Ms. Lela publicly humiliated Ms. Okafor by criticizing her work in front of members of the Urban Dove science department.

21.     In or around November of 2019, Ms. Lela disrespected Ms. Okafor during an IEP meeting by publicly rolling her eyes at Ms. Okafor and sarcastically dismissing Ms. Okafor's contributions during such meeting. Ms. Okafor reported this incident to Director of Curriculum and Instruction Jasmine Hoskins ("Ms. Hoskins"). However, Ms. Hoskins did nothing to address the complaint. Upon information and belief, Ms. Hoskins is good friends with Ms. Lela.

22.     In or around January of 2020, Ms. Okafor was falsely accused by Special Education Teacher Erika Bourdalle ("Ms. Bourdale") an agent, servant, and/or employee of Defendant, a close of friend of Ms. Lela, of asking a student to close the door on her.

23.     In or around February 2020, Ms. Okafor was involved in an incident in which a student that was intoxicated kicked down her classroom door.

24.     In response to the aforereferenced incident, Ms. Okafor was asked to participate in a mediation session with a student, who had previously referred to Ms. Okafor as a "bitch" during such incident.

25.     During such mediation, the student presented a written statement that slandered and mischaracterized Ms. Okafor by stating that she gestured inappropriately with her hands at the student and that she failed to properly explain herself.

26.     Upon information and belief, the student was coached by Ms. Hoskins to write the slanderous statement.

27.     On or about March 3, 2020, Ms. Okafor was unexpectedly called to the office of Mr. Bahl for a disciplinary meeting. At the conclusion of such meeting, a letter was placed in Ms. Okafor's file for not recognizing Ms. Hoskins as her immediate supervisor. Despite this, Ms. Okafor was unsure of what she did that caused Mr. Bahl to believe that she did not recognize Ms. Hoskins as her immediate supervisor.

28.     In or around March of 2020, Ms. Okafor was falsely accused by Ms. Lela of copying and pasting student modifications and accommodations in IEP documents.

29.     In or around November 2020, Ms. Okafor began to experience bullying at the hands of new co-teacher Keith Miller ("Mr. Miller"), an agent, servant, and/or employee of Defendant. Mr. Miller would minimize Ms. Okafor's role in teaching when they were in a co-teaching environment, he recommended that Ms. Okafor only teach the ancillary aspects of lessons and leave the vast majority of teaching to himself, he recorded Ms. Okafor over Zoom despite Ms. Okafor's requests that she not be recorded, he belittled her, and spoke to her in a harsh and demeaning manner.

30.     In response to such bullying, Ms. Okafor contacted Executive Director Jai Nanda ("Mr. Nanda") to help her.

31.     On or about November 30, 2020, Ms. Okafor received a letter to her file, dated November 30, 2020 ("November 30th Letter"), for "failure to make progress in the area of communication, respect for leadership, and adherence to company policies and processes." The letter also stated, "if the areas mentioned above do not change, it will lead to further disciplinary actions up to and including termination."

32.     On or about December 1, 2020, Ms. Okafor was terminated by Urban Dove in connection with contacting Mr. Nanda regarding the abuse of Mr. Miller.

## AS AND FOR A FIRST CAUSE OF ACTION FOR UNLAWFUL RACIAL AND GENDER BASED DISCRIMINATION IN VIOLATION OF TITLE VII

33.     Ms. Okafor re-alleges and incorporates all the facts and allegations expressed above as if more fully alleged and incorporated herein.

34.     The aforereferenced behavior of Ms. Lela, Ms. Hoskins, Mr. Miller and others, including publicly criticizing Ms. Okafor, falsely accusing her of engaging in misconduct, bullying her, denying her accommodations in connection with pregnancy, and ignoring her concerns concerning the bullying and disparate treatment she experienced, were made and done on the basis of her race and her gender.

35.     Ms. Lela, Ms. Hoskins, and Mr. Miller, did not criticize, harass, intimidate, or bully Ms. Okafor's white colleagues in the same manner that they did towards Ms. Okafor.

36.     Ms. Lela, Ms. Hoskins, and Mr. Miller, did not criticize, harass, intimidate, or bully Ms. Okafor's non-pregnant colleagues in the same manner that they did towards Ms. Okafor.

37.     The decision to terminate Ms. Okafor to resign was made and done on the basis of her race and her gender.

38.     The decision to subject Ms. Okafor to multiple disciplinary hearings based on falsified accusations was made and done on the basis of her race and her gender.

39.     The decision of Urban Dove administration to ignore the complaints of bullying made by Ms. Okafor was made and done on the basis of her race and her gender.

40.     Any reason advanced by Urban Dove for the treatment of Ms. Okafor is a pretext for discrimination. Ms. Okafor's membership in protected classes was the reason for this disparate treatment, harassment, and discrimination.

41.     The foregoing acts of agents, servants, and or employees of the above Defendant and/or the above Defendants themselves, constitute unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*

42.     By reason of the foregoing, Ms. Okafor has suffered loss of income and was caused mental and physical anguish, loss of enjoyment of life, and emotional distress, all to her damage.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR MAINTENANCE OF A HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

43.     Ms. Okafor re-alleges and incorporates all the facts and allegations expressed above as if more fully alleged and incorporated herein.

44.     The aforereferenced behavior of Ms. Lela, Ms. Hoskins, Mr. Miller and others, including publicly criticizing Ms. Okafor, falsely accusing her of engaging in misconduct, bullying her, denying her accommodation in connection with pregnancy, and ignoring her concerns concerning the bullying and disparate treatment she experienced was discriminatory and altered the conditions of Ms. Okafor's employment at Urban Dove.

45.     The aforereferenced behavior of Ms. Lela, Ms. Hoskins, Mr. Miller and others, including publicly criticizing Ms. Okafor, falsely accusing her of engaging in misconduct, bullying her, denying her accommodation in connection with pregnancy, and ignoring her

concerns concerning the bullying and disparate treatment she experienced created a workplace that included physical intimidation and discriminatory intimidation for Ms. Okafor.

46.     The aforeferenced behavior of Ms. Lela, Ms. Hoskins, Mr. Miller and others, including publicly criticizing Ms. Okafor, falsely accusing her of engaging in misconduct, bullying her, denying her accommodation in connection with pregnancy, and ignoring her concerns concerning the bullying and disparate treatment she experienced created a workplace environment filled with discriminatory conduct and humiliation that reasonable people would find discriminatory and hostile.

47.     The aforementioned bullying, harassment, and false claims levied at Ms. Okafor created a workplace filled with ridicule and insult.

48.     Ms. Lela's demeaning attitude toward Ms. Okafor created an abusive work environment filled with discriminatory conduct.

49.     Mr. Miller's bullying of Ms. Okafor unreasonably interfered with Ms. Okafor's work performance.

50.     The foregoing acts of agents, servants, and or employees of the above Defendants and/or the above Defendants themselves constitute a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*

51.     By reason of the foregoing, Ms. Okafor has suffered loss of income and was caused mental and physical anguish, loss of enjoyment of life, and emotional distress, all to her damage.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR RETALIATION IN VIOLATION OF TITLE VII

52.     Ms. Okafor re-alleges and incorporates all the facts and allegations expressed above as if more fully alleged and incorporated herein.

53.     The markedly negative treatment Ms. Okafor was exposed to following her pregnancy announcement created a fear of adverse action while performing a protected work activity.

54.     The decision to terminate Ms. Okafor after she engaged in the protected work activity of complaining about perceived disparate treatment based on race and gender to Mr. Nanda constitutes an adverse employment action.

55.     The foregoing acts of agents, servants, and or employees of the above Defendants and/or the above Defendants themselves, constitute retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*

56.     By reason of the foregoing, Ms. Okafor has suffered loss of income and was caused mental and physical anguish, loss of enjoyment of life, and emotional distress, all to her damage.

## JURY DEMAND

57.     Ms. Okafor demands a trial by jury on all issues.

**WHEREFORE** Ms. Okafor respectfully requests the court to grant the following relief:

1.     On the First Cause of Action, directing the Defendant to pay Ms. Okafor compensatory and punitive damages in the amount of five hundred thousand dollars ($500,000.00);

2.     On the Second Cause of Action, directing the Defendant to pay Ms. Okafor compensatory and punitive damages in the amount of five hundred thousand dollars ($500,000.00);

3.     On the Third Cause of Action, directing the Defendant to pay Ms. Okafor compensatory and punitive damages in the amount of five hundred thousand dollars ($500,000.00);

4.     Awarding Ms. Okafor reasonable attorney's fees and costs as well as interest on amounts due; and

5.     Granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
      November 15 , 2021

                    **LAW OFFICES OF G. OLIVER**
                    **KOPPELL & ASSOCIATES**

By: _____
            G. Oliver Koppell
            Daniel Schreck
            Scott Doherty
            *Counsel for Plaintiff*
            99 Park Avenue, Suite 1100
            New York, New York 10016
            Telephone: (212) 867-3838
            Facsimile:  (212) 681-0810